1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12   SCOTT JOHNSON,

13              Plaintiff,           CIV S-04-0699 LKK PAN

14        v.

15   THE NORMAN and EDITH HILL        FINDINGS AND RECOMMENDATIONS
     TRUST, PAIMAN RAHBARIAN,
16
                Defendants.
17

18

19                            -oOo-

20        Plaintiff moves for default judgment against Paiman

21   Rahbarian, following the Clerk's entry of default June 30, 2005.

22        Rahbarian twice appeared in this action, filing an answer

23   July 30, 2004, and a status report August 25, 2004.  Plaintiff

24   served defendant and his counsel with notice of the motion for

25   default judgment, as required by Fed. R. Civ. P. 55(b)(2).  The

26   hearing on plaintiff's motion was convened October 12, 2005, but

neither defendant nor his counsel appeared.[1]   The court submitted
plaintiff's motion for decision on the papers pursuant to E. D.
Cal. L. R. 78-230(h); no further papers have been filed by either
party.

Plaintiff's first amended complaint, filed May 11, 2004,
seeks injunctive relief, damages and attorney fees under Title
III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et
seq., the California Disabled Persons Act, Cal. Civ. Code § 54.1,
and the California Unruh Civil Rights Act, Cal. Civ. Code §51-53,
due to defendant's failure to remove architectural barriers and
make accessible his massage business known as the "Chalet,"
located at 2128 Marconi Avenue, Sacramento, California.
Plaintiff, who requires a wheelchair for ambulation, alleges he
drove to the Chalet on August 6, 2003, but could not patronize it
due to lack of accessible parking and lack of access from the
parking lot to the entrance of the building.

Plaintiff has stated a prima facie case under Title III of
the ADA, viz.: (1) he is disabled; (2) defendant's business is a
place of public accommodation; (3) plaintiff was denied access to
defendant's business because of plaintiff's disability; (4)
defendant's business has architectural barriers the removal of
which is "readily achievable."   42 U.S.C. § 12182; <u>Parr v. L & L
Drive-Inn Restaurant</u>, 96 F.Supp.2d 1065, 1085 (D.Hawaii 2000).

Plaintiff's motion for default judgment is supported by the

---

[1]   Although prospective new counsel for defendant telephoned my
courtroom clerk prior to the hearing, no substitution of counsel was
filed nor further contact made with the court.

1 declarations of plaintiff, his counsel and their expert, a

2 memorandum of points and authorities and a proposed order.

3      There is no matter of right to the entry of a default

4 judgment and it is within the court's reasonable discretion, even

5 when the defendant is technically in default.  Lewis v. Lynn, 236

6 F.3d 766, 767 (5th Cir. 2001); Draper v. Coombs, 792 F.2d 915,

7 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th

8 Cir. 1980).  The court has considered the possibility of

9 prejudice to the plaintiff, the merits of plaintiff's claim, the

10 sufficiency of the complaint, the sum of money at stake, the

11 possibility of a legitimate dispute about material facts, whether

12 defendants' default was due to excusable neglect, and the strong

13 policy underlying the Federal Rules of Civil Procedure favoring

14 decisions on the merits, see Eitel v. McCool, 782 F.2d 1470, 1472

15 (9th Cir. 1986), and finds that default judgment for injunctive

16 relief and damages is appropriate.

17      Defendant should be directed to remove the following

18 barriers and make the following accommodations at the Chalet

19 within 90 days of service of judgment:

20      1.   Create 96-inch-wide access aisle on passenger side of

21           accessible space, with striping as required by Cal.

22           Bldg. Code § 1129B.4 and the words "NO PARKING" painted

23           in the access aisle in 12-inch letters.

24      2.   Post the tow-away sign required by Cal. Bldg. Code

25           § 1129B.5 at each entrance or adjacent to the

26           accessible parking space.

     3.   Mount a sign with the International Symbol of

1    Accessibility which complies with Cal. Bldg. Code

2    § 1129B.5 on the fence at the front of the

3    accessible parking space.  Mount a separate "Van

4    Accessible" sign immediately below.

5    4.    Install a ramp from the parking lot to the

6    entrance which complies with ADA Accessibility

7    Guideline 4.8 and Cal. Bldg. Code § 1129B.33.5.

8    5.    Securely fasten the porch floor mats to the porch,

9    or replace the existing mats with mats that grip

10    the floor.

11    6.    Install handrails which comply with ADA

12    Accessibility Guideline 4.9 and Cal. Bldg. Code §

13    1106.

14    7.    Install a threshold which provides a level

15    transition from the porch to the interior of the

16    building which complies with ADA Accessibility

17    Guideline 4.1.6(3)(d)(ii), ADA Accessibility

18    Guideline 4.5.2 and Cal. Bldg. Code § 1133B.2.4.1.

19    In addition, plaintiff should be awarded damages of $4000,

20    the statutory minimum under Cal. Civ. Code § 52(a)[2] for the

21

22    [2]    Cal. Civ. Code § 52(a) provides: "Whoever denies, aids or
incites a denial, or makes any discrimination or distinction contrary to
Section 51, 51.5, or 51.6, is liable for each and every offense for the

23    actual damages, and any amount that may be determined by a jury, or a
court sitting without a jury, up to a maximum of three times the amount

24    of actual damage but in no case less than four thousand dollars
($4,000), and any attorney's fees that may be determined by the court in

25    addition thereto, suffered by any person denied the rights provided in
Section 51, 51.5, or 51.6."

26        Cal. Civ. Code § 52 provides a damage remedy for violations of
Cal. Civ. Code § 51 et seq., the Unruh Civil Rights Act, which include
"[a] violation of the right of any individual under the Americans with

4

1   single occasion plaintiff was denied access to the Chalet.

2      Plaintiff seeks reasonable attorney fees and costs pursuant

3   to separate motion.  See 42 U.S.C. §12205 ("In any action or

4   administrative proceeding commenced pursuant to this chapter, the

5   court or agency, in its discretion, may allow the prevailing

6   party, other than the United States, a reasonable attorney's fee,

7   including litigation expenses, and costs. . .").  The request is

8   reasonable and should be granted.

9      Accordingly, I recommend that plaintiff's motion for entry

10  of default judgment be granted; judgment should be rendered in

11  the form of an injunction directing defendant Rahbarian to

12  remove, within 90 days of entry of judgment, the above-noted

13  architectural barriers that prohibit plaintiff from accessing the

14  services of defendant's public accommodation, the Chalet, and for

15  damages in the amount of $4000.00.  Plaintiff should be granted

16  leave to file a motion for reasonable attorney fees and costs

17  within 30 days of entry of judgment.

18     These findings and recommendations are submitted to the

19  Honorable Lawrence K. Karlton, the United States District Judge

20  assigned to this case.  28 U.S.C. § 636(b)(l).  Written

21  objections may be filed within ten days after being served with

22  these findings and recommendations.  The document should be

23  captioned "Objections to Magistrate Judge's Findings and

24  Recommendations."  The failure to file objections within the

25  specified time may waive the right to appeal the District Court's

26

Disabilities Act. . ."

1    order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2         Dated:   January 19, 2006.

3                                          /s/ Peter A. Nowinski
4                                        PETER A. NOWINSKI
                                         Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26