UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

                                  NO. CIV. S-04-699 LKK/PAN

    Plaintiff,

  v.                                    O R D E R

THE NORMAN and EDITH HILL TRUST;
and PAIMAN RAHBARIAN,

    Defendants.
                           /

    Plaintiff, Scott Johnson, filed suit against defendant to remove architectural barriers and to make accessible a massage business known as the "Chalet," located at 2128 Marconi Avenue, Sacramento, CA. Plaintiff, who requires a wheelchair for ambulation, alleges that he drove to the Chalet on August 6, 2003, but could not patronize it due to a lack of accessible parking and lack of access from the parking lot to the entrance of the building. Plaintiff brought suit pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et

1

seq., the California Disabled Persons Act, Cal. Civ. Code § 54.1, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 et seq.

Pending before the court is plaintiff's motion for attorney's fees pursuant to the ADA and state law. No opposition brief has been filed. I decide the matter based on the papers and pleadings filed herein.

**I.**

**BACKGROUND**

This suit was referred to Magistrate Judge Peter A. Nowinski pursuant to 28 U.S.C. § 636, et seq., and Local Rule 72-302. On January 20, 2006, Judge Nowinski filed Findings and Recommendations ("F&Rs") which were served on all parties. Judge Nowinski recommended that the court grant plaintiff's motion for entry of default judgment,[1] and that defendant should be directed to remove the following barriers and make the following accommodations at The Chalet within 90 days of service of judgment pursuant to the ADA:

1. Create a 96-inch-wide access aisle on passenger side of accessible space, with striping as required by Cal. Bldg. code § 1129B.4 and the words "NO PARKING" painted in the access aisle in 12-inch letters.

2. Post the tow-away sign required by Cal. Bldg. Code §

---

[1] Judge Nowinski noted in his F&Rs that defendant appeared twice in this action, filing an answer on July 30, 2004 and a status report on August 25, 2004. Although the notice of the motion and the motion for default judgment were served on defendant, and the hearing on the motion was convened on October 12, 2005, neither defendant nor his counsel appeared.

2

    1129B.5 at each entrance or adjacent to the accessible parking space.

    3. Mount a sign with the International Symbol of Accessibility which complies with Cal. Bldg. Code § 1129B.5 on the fence of the front of the accessible parking space. Mount a separate "Van Accessible" sign immediately below.

    4. Install a ramp from the parking lot to the entrance which complies with ADA Accessibility Guideline 4.8 and Cal. Bldg. Code § 1129B.33.5.

    5. Securely fasten the porch floor mats to the porch, or replace the existing mats with mats that grip the floor.

    6. Install handrails which comply with ADA Accessibility Guideline 4.9 and Cal. Bldg. Code § 1106.

    7. Install a threshold which provides a level transition from the porch to the interior of the building which complies with ADA Accessibility Guideline 4.1.6(3)(d)(ii), ADA Accessibility Guideline 4.5.2 and Cal. Bldg. Code § 1133B.2.4.1. F&Rs at 3-4.

Judge Nowinski also recommended that plaintiff be awarded $4000, the statutory minimum under Cal. Civ. Code § 52(a), for the single occasion plaintiff was denied access to the Chalet, pursuant to the Unruh Act. F&Rs at 4-5.

    The F&Rs were adopted in full by this court on March 20, 2006.

////

////

////

## II.

## STANDARDS

The Supreme Court has articulated the standard for a finding of "prevailing party" as whether the party has "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citing Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir. 1978)). The Ninth Circuit, in discussing whether a party has achieved "prevailing" status, has noted that a party can achieve that status by establishing a "clear, causal relationship between the litigation brought and the practical outcome realized." Rutherford v. Pitchess, 713 F.2d 1416, 1419 (9th Cir. 1983).

Plaintiff prevailed pursuant to the ADA and the Unruh Act, which authorizes attorney fees. Specifically, section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The Unruh Act provides that an entity which discriminates in contravention of Section 51 is liable for "any attorney's fees that may be determined by the court." Cal. Civ. Code § 52(a). The court "possesses discretion to determine the amount of the fees, but not their entitlement." Engel v. Worthington, 60 Cal.App.4th 628, 632 (1997).

Both the federal and the California courts have adopted the "lodestar" method for calculating attorney's fees. Hensley, 461 U.S. 424 (1983); Serrano v. Priest, 20 Cal. 3d 25, 48-49 (1977).

4

To determine the appropriate fee amount, the court multiplies the number of hours reasonably expended in the litigation by a reasonable hourly rate. Id.

### III.
### ANALYSIS

**A.  PREVAILING PARTY**

Defendants have not filed an opposition brief in this action, nor have they contested the default judgment rendered by this court in plaintiff's favor.  The court, therefore, concludes that there is a causal relationship between the litigation brought and the outcome achieved, a default judgment, and that plaintiff is entitled to attorney's fees as the prevailing party.

**B.  REASONABLE HOURLY RATE**

The appropriate hourly fee should be based on the rates charged by counsel with similar experience, reputation, and skill for similar cases in the legal community.  See White v. City of Richmond, 713 F.2d 458 (9th Cir. 1985).  Plaintiff's counsel seeks $250.00 per hour for work performed on this case.  Mr. Stewart has over twenty-seven years of experience practicing law, with the last six years devoted exclusively to disabled access cases.  Stewart Dec. at 2.  Plaintiff's counsel supports the requested hourly fee by citing to four ADA cases decided in this district in which the lead attorneys were awarded attorneys fees at $250.00 per hour. Pl.'s Mot. at 5.

After considering Mr. Stewart's legal experience and the his motions, the court determines that the rate of $250 adequately

reflects the prevailing hourly rate in the Sacramento area for similar work performed by attorneys of comparable skill, experience and reputation.  The court calculates the lodestar figure based on this hourly rate.

**C.    REASONABLENESS OF HOURS BILLED**

Plaintiff seeks to recover attorney's fees for a total of 59.2 hours expended in this litigation.  Pl's Mot. at 5.  In arriving at the lodestar figure, the district court should exclude hours that are "excessive, redundant, or otherwise unnecessary . . . ."  Hensley, 461 U.S. at 434.

Plaintiff's counsel concedes that 59.2 hours is "much more time than this case should have taken to resolve," and that under ordinary circumstances, he would have taken "between 16 and 20 hours" to resolve such a case.  Mot. at 4.  Counsel explains, however, that more time was required due to defendant's failure to respond to any correspondences, discovery requests, and court orders. Plaintiff's declaration sets forth in excruciating details defendant's inaction, including that defendant failed to file a status report, failed to attend a Status Conference, failed to settle at the Mediation, failed to serve answers to interrogatories, failed to meet in person as required by Judge Nowinski, and failed to attempt to resolve this case after entry of default.  Mot. at 3-4.  Plaintiff's counsel was also required to spend time filing this motion and leaving innumerable phone messages, sending faxes, and mailing letters to attempt communication with defendant and urging action in the suit   Id.

6

1  Finally, the court notes that due to defendant's inaction, this
2  litigation has been prolonged substantially, causing plaintiff's
3  counsel to expend needless hours in prosecuting the action.
4  Plaintiff filed suit on August 8, 2003, and the suit was not
5  resolved until April of this year.
6       The court has examined Mr. Stewart's papers, declaration, and
7  accompanying billing records and concludes that 59.2 hours is
8  reasonable under the circumstances.

**D.   LITIGATION EXPENSES**

10       Plaintiff also requests litigation expenses related to this
11 litigation.  Plaintiff may recover, as part of the award of his
12 fees in this matter, litigation expenses pursuant to 42 U.S.C.
13 § 2205.  The term "litigation expenses" in Section 12205 of the ADA
14 has been interpreted to include "the same out-of-pocket expenses
15 that are recoverable under 42 U.S.C. § 1988."  See Robbins v.
16 Scholastic Book Fairs, 928 F.Supp. 1027, 1037 (D. Or. 1996).  Under
17 section 1988, plaintiff may recover those out-of-pocket expenses
18 that "would normally be charged to a fee paying client."  Harris
19 v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).
20      Counsel has submitted invoices in the amount of $50.00 for a
21 fee paid to First Nationwide Legal Services for a property owner
22 search and $600.00 which was paid to Disability Access Consultants,
23 Inc., for inspecting the property at issue and for the Report which
24 was attached to Plaintiff's Expert Disclosure.  These invoices are
25 sufficiently detailed, and hence, the court shall award Plaintiff
26 $650.00 in "litigation expenses" related to this suit.

**E.   BILL OF COSTS**

Plaintiff requests $ 208 for other costs related to this suit. Specifically, plaintiff requests a $150 filing fee, and $58, which was paid to First Nationwide Legal Services to serve defendant, Paiman Rahbarian. Plaintiff has tendered to the court invoices evidencing these costs. Because these expenses are taxable pursuant to 28 U.S.C. § 1920, the court shall award plaintiff this requested amount.[2]

////

////

////

////

////

////

////

---

[2]   28 U.S.C. § 1920 states:

    A judge or clerk of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

8

## IV.

## CONCLUSION

Accordingly, plaintiff's counsel is AWARDED fees and costs in the amount of $15,658.[3]

IT IS SO ORDERED.

DATED: May 12, 2006

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] The amount is based on those fees sufficiently documented by plaintiff's counsel as follows:

**Attorney's Fees**

|  | Hours | Rate | Total |
|---|---|---|---|
| Tom Stewart | 59.2 | $250/hr | $14,800.00 |
| Costs & Expenses |  |  | 858.00 |
|  |  |  | **$15,658.00** |

9